**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Daniel Esteban Berrion Naranjo,

Petitioner,

v.

Luis Rosa, Jr., et al.,

Respondents.

No. CV-26-04010-PHX-KML (DMF)

**ORDER**

Petitioner Daniel Esteban Berrion Naranjo filed a pro se petition for a writ of habeas corpus in June 2026. (Doc. 1.) Counsel appeared and filed an amended petition seeking immediate release or a bond hearing because the criminal conviction allegedly subjecting Naranjo to mandatory detention had been vacated for ineffective assistance of counsel. (Docs. 2; 16 at 7-8, 15-18, 33-34.) In response to the amended petition, respondents stated: "Given the ongoing litigation and complexities surrounding state vacaturs and immigration law, Respondent's [*sic*] believe a bond hearing at this time would provide sufficient due process without further delay." (Doc. 20.) The court accepts this concession as non-opposition to granting Petitioner's habeas corpus petition insofar as it requests a bond hearing.

The amended petition sought a bond hearing at which respondents "must show, by 'clear and convincing evidence,' that [Naranjo] 'should not be released on bond because he is a flight risk and a danger to the community'; and that, if the immigration judge declines to release [Naranjo] on bond, its decision must identify . . . the 'clear and

convincing' evidence that justifies [Naranjo]'s continued detention." (Doc. 16 at 34.) Because respondents failed to respond to that argument, the court finds they have waived any opposition to allocating the burdens in that manner. *See N-E-M-B v. Wamsley*, No. CV-25-00989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition."); *Soleimani v. Larose*, No. CV-25-03082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting petition because "[b]y failing to respond to the claims actually asserted, Respondents have conceded the claims"); *cf. Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) ("Jenkins abandoned her other two claims by not raising them in opposition to the County's motion for summary judgment.").

The petition is therefore granted to the extent that within seven days of this order being docketed, respondents must provide petitioner with a bond hearing before a neutral arbiter, at which respondents must justify petitioner's continued detention by a showing of clear and convincing evidence that he is a flight risk and a danger to the community. Further, if the immigration judge declines to release petitioner on bond, her decision must identify the clear and convincing evidence that justifies petitioner's continued detention.

**IT IS ORDERED**:

1. Petitioner's amended petition for writ of habeas corpus (Doc. 16) is **GRANTED** to the extent it seeks a bond hearing.
2. Respondents must provide petitioner a bond hearing within seven days of this order being docketed at which they must justify petitioner's continued detention by a showing of clear and convincing evidence that he is a flight risk and a danger to the community, or release him from custody under the same conditions that existed before petitioner's detention.
3. If the immigration judge declines to release petitioner on bond, her decision must identify the clear and convincing evidence that justifies petitioner's continued detention.

4. Respondents must provide a notice of compliance within three days of releasing petitioner or providing petitioner a bond hearing, including the outcome of the bond hearing.
5. The Clerk of Court shall enter judgment in petitioner's favor and close this case.

Dated this 24th day of September, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**